# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| JAMES R. FRANCIS | CIVIL ACTION NO. 17-0290 |
|---|---|
| VERSUS | JUDGE DONALD E. WALTER |
| STATE OF LOUISIANA | MAGISTRATE JUDGE HANNA |

## ORDER

Before the Court is a pro se motion filed by petitioner, James R. Francis ("Francis"), entitled Application for Writ of Coram Nobis or Audita Querela. [Rec. Doc. 24]. Francis is serving a life sentence for second-degree murder. [Rec. Doc. 21]. Francis previously filed a petition for habeas relief pursuant to 28 U.S.C. § 2254, which was denied on the merits. [Rec. Doc. 23]. In his current motion, Francis argues that he may seek collateral relief from his conviction via a writ of coram nobis or writ of audita querela. [Rec. Doc. 24].

"The writ of coram nobis is an ancient common-law remedy designed to correct errors of fact." *United States v. Denedo*, 556 U.S. 904, 910, 129 S.Ct. 2213, 2220 (1954). While considered an "extraordinary remedy" the writ provides an avenue for an individual who is no longer in custody to petition for his conviction to be vacated "where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996). The writ is only available "to correct errors resulting in a complete miscarriage of justice." *Id.* Persons still in custody must look to 28 U.S.C. § 2254 or 28 U.S.C. § 2255 for relief, and cannot file a writ of coram nobis to avoid the statutory restrictions contained in those sections. *See Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) (citing *Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333 (1996)). "[E]very collateral attack by a state

prisoner on a final judgment of conviction necessarily depends on § 2254," and cannot be circumvented by citing some other statute. *See id.* As noted above, Francis previously filed a petition for habeas relief pursuant to 28 U.S.C. § 2254, which was denied on the merits. [Rec. Doc. 23]. Francis is still in custody, and therefore cannot seek an alternate avenue for relief under a writ of coram nobis. *See Vargas v. United States*, No. 15-0046, 2015 WL 853200, *2 (W.D. Tex. Feb. 25, 2015).

"[A] writ of audita querela is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition." *United States v. Miller*, 499 F.3d 484, 487 (5th Cir. 2010). While abolished in civil cases, the writ of audita querela may apply in criminal matters where a legal objection arises subsequent to a judgment. *See id.* at 488. However, "the writ is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy." *Id.* Moreover, a petitioner's inability to meet the requirements necessary to file a successive 2254 or 2255 motion does not make relief under either section unavailable. *See United States v. Ford*, 372 F. App'x 545 (5th Cir. 2010); *see also Mason v. Stephens*, No. 15-1826, 2015 WL 4741034, *1-2 (S.D. Tex. Aug. 10, 2015). Accordingly, Francis cannot utilize a writ of audita querela to reassert his claims regarding ineffective assistance of counsel.

For the foregoing reasons, Francis' motion entitled Application for Writ of Coram Nobis or Audita Querela [Rec. Doc. 24] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 10th day of December, 2018.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE